**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Hernandez, | No. CV-24-00841-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff challenges the denial of her application for benefits under the Social Security Act ("the Act") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed Plaintiff's opening brief (Doc. 16) and the Commissioner's answering brief (Doc. 18), as well as the Administrative Record (Docs. 12-13, "AR"), and now affirms the Administrative Law Judge's ("ALJ") decision.

I.    Procedural History

Plaintiff filed an application for benefits on August 12, 2021, alleging disability beginning on March 1, 2020. (AR at 49.) The Social Security Administration ("SSA") denied Plaintiff's application at the initial and reconsideration levels. (*Id.*) On May 31, 2023, following a telephonic hearing, the ALJ issued an unfavorable decision. (*Id.* at 49-59.) The Appeals Council later denied review. (*Id.* at 1-4.)

II.    The Sequential Evaluation Process and Judicial Review

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 416.920(a). The claimant bears the burden of

proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant has engaged in substantial, gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 416.920(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 416.920(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where the ALJ determines whether the claimant is still capable of performing past relevant work. *Id*. § 416.920(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id*. § 416.920(a)(4)(v). If not, the claimant is disabled. *Id.*

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (internal quotations omitted). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

III.     The ALJ's Decision

The ALJ concluded that Plaintiff had not engaged in substantial, gainful work activity since the alleged onset date and that Plaintiff had the following severe impairments:

1    "degenerative disc disease, carpal tunnel syndrome, depression and diabetes mellitus,

2    maturity onset diabetes of young (MODY)."  (AR at 51-52.)[1]  Next, the ALJ concluded

3    that Plaintiff's impairments did not meet or medically equal a listing.  (*Id.* at 52-54.)  Next,

4    the ALJ calculated Plaintiff's RFC as follows:

5        [T]he claimant has the residual functional capacity to perform light work as
         defined in 20 CFR 404.1567(b) with the following additional limitations: She
6        can never climb ladders, ropes or scaffolds can frequently climb ramps and
         stairs, frequently balance, stoop, kneel and crouch and occasionally crawl.
7        She can frequently handle and finger with the left hand can have occasional
8        time around cold and must not have exposure to hazards.  She is also limited
         to simple, routine and repetitive tasks.
9

10   (*Id.* at 54.)

11       As part of this RFC determination, the ALJ evaluated Plaintiff's symptom

12   testimony, concluding that Plaintiff's "statements concerning the intensity, persistence and

13   limiting effects of [her] symptoms are not entirely consistent with the medical evidence

14   and other evidence in the record for the reasons explained in this decision."  (*Id.* at 55.)

15       The ALJ also evaluated opinion evidence from various medical sources, concluding

16   as follows: (1) "[t]he consulting physicians" ("partially persuasive"); (2) "the consultative

17   examiner" ("persuasive"); and (3) Dr. Hunter ("most consistent with and supported by the

18   evidence").  (*Id.* at 57.)

19       Based on the testimony of a vocational expert ("VE"), the ALJ concluded that

20   although Plaintiff was unable to perform her past relevant work as a promotor, she was

21   capable of performing three jobs that exist in significant numbers in the national economy:

22   (1) counter attendant, (2) marking clerk, and (3) production helper.  (*Id.* at 57-59.)  Thus,

23   the ALJ concluded that Plaintiff was not disabled.  (*Id.* at 59.)

24       …

25       …

26

27   _____

28   [1]    The ALJ also determined that Plaintiff had the non-severe impairments of
     hyperlipidemia, bilateral lower extremity venous insufficiency, hypertension, and obesity.
     (AR at 51-52.)

**IV.**  <u>Discussion</u>

Plaintiff raises only one issue on appeal: (1) whether the ALJ failed to provide legally sufficient reasons for rejecting her symptom testimony.  (Doc. 16 at 4.)  As a remedy, Plaintiff asks the Court to "reverse for the direct award of benefits" or, in the alternative, to "remand this matter to cure the legal defects cited herein."  (*Id.* at 9.)

**A.**    **Standard Of Review**

Under Ninth Circuit law, an ALJ must evaluate whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or other symptoms alleged."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citation omitted).  If so, "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."  *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (citation omitted).  Instead, the ALJ may "reject the claimant's testimony about the severity of [the] symptoms" only by "offering specific, clear and convincing reasons for doing so."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (citation omitted).

**B.**    **Plaintiff's Symptom Testimony**

As summarized in the ALJ's decision, Plaintiff "alleged that her impairments have resulted in symptoms that preclude her ability to perform any work whatsoever in the national economy at substantial gainful activity levels.  In her Function Report-Adult, the claimant reported that she cannot walk, stand, or sit long.  She reported difficulty bending down at the waist, cannot carry/pull objects over 10 pounds, and that her diabetes makes her sick.  She has reported that some days she is mostly in bed, that she has difficulty dressing, and has difficulty getting up and down even using the toilet.  She also noted that her conditions affect her ability to lift, squat, bend, stand, reach, walk, sit, kneel, climb, remember, complete tasks, concentrate and use hands.  During the hearing, the claimant testified she has lower back pain and issues with DM [diabetes mellitus] that cause fatigue and physical exhaustion."  (AR at 55.)

…

## C.    The ALJ's Evaluation Of Plaintiff's Symptom Testimony

The ALJ provided what the Court construes as two reasons for discounting Plaintiff's symptom testimony.  First, the ALJ stated that Plaintiff's testimony was inconsistent with the objective medical evidence in the record, which included (1) "July imaging from The Core Institute" that showed only "'mild to moderate' L3-4 and L4-5 spinal canal stenosis," "no significant stenosis al L5-SI," only "'mild to moderate' neural foraminal narrowing," only "'mild' spinal canal narrowing at L4-5," only "'mild to moderate' lateral recess narrowing bilaterally," and only "'mild to moderate' neural foraminal narrowing bilaterally"; (2) September 2021 examination records from the Core Institute that showed only "'mild' bilateral mid-paraspinal and lower paraspinal tenderness as well as pain with lumbar motion"; (3) musculoskeletal examinations that "document[ed] normal range of motion"; and (4) medical records from various providers that described Plaintiff's motor strength as "normal." (*Id.* at 55-56.)  The ALJ also provided an extensive discussion of why Plaintiff's complaints of limitations arising from carpal tunnel syndrome and other hand-related limitations were inconsistent with the objective medical evidence. (*Id.* at 56-57.)

Second, the ALJ also stated that Plaintiff's testimony was inconsistent with the evidence that Plaintiff's symptoms were controlled through medication.  (*Id.* at 55-56.)  More specifically, the ALJ referenced medical records from various providers describing Plaintiff's diabetes mellitus as "stable on her medication regime," describing Plaintiff's "lumbar pain [as] controlled with medication," and describing Plaintiff's "A1C [as] well controlled on medication."  (*Id.*)

## D.    The Parties' Arguments

Plaintiff raises what the Court construes as four criticisms of the ALJ's analysis of her symptom testimony.  (Doc. 16 at 6-8.)  First, Plaintiff focuses on the portion of the ALJ's decision characterizing some her impairments as non-severe. (AR at 52.)  According to Plaintiff, because the ALJ stated that "[t]he claimant must wear compression stockings and elevate her legs" in that portion of the decision, the ALJ "erred in failing to find the

lymphedema a severe impairment or even a medically determinable impairment" and in failing to "include any corresponding limitations to accommodate the need to elevate the legs in the RFC." (Doc. 16 at 6.) Second, Plaintiff argues that the ALJ should have credited her testimony that she "has severe fatigue that limits her stamina and ability to work on a continuing and regular basis" because that portion of her testimony is supported by the medical evidence. (*Id.*) Third, Plaintiff faults the ALJ for not analyzing her testimony regarding her activities of daily living ("ADL") or how those ADLs would transfer to full-time work. (*Id.* at 7.) Fourth, Plaintiff argues that the ALJ erred by discrediting her pain testimony based solely on its perceived inconsistency with the objective medical evidence. (*Id.* at 8.)

In response, the Commissioner defends the sufficiency of the ALJ's rationale for discrediting Plaintiff's symptom testimony. (Doc. 18 at 5-14.) First, the Commissioner argues that "[t]he ALJ properly considered evidence of swelling in Plaintiff's legs, but reasonably determined that an RFC restricting Plaintiff to light work with additional limitations sufficiently addressed her limitations." (*Id.* at 5-7.) The Commissioner contends that "Plaintiff fails to explain why wearing compression stockings would need to be included in the RFC or would be a limitation that would limit her ability to work" and that "providers recommended Plaintiff elevate her legs at night, which would not impose additional limitations during the workday." (*Id.*) The Commissioner also notes that "Plaintiff did not allege she was disabled due to lymphedema when she applied for benefits" and, at any rate, lymphedema is similar to venous insufficiency, which the ALJ expressly considered. (*Id.* at 7-8.) Second, the Commissioner contends that the ALJ permissibly discredited Plaintiff's symptom testimony in part due to its inconsistency with the objective medical evidence cited by the ALJ, including imaging records showing only mild or moderate back and hand issues and examination records showing only mild tenderness and normal strength and range of motion. (*Id.* at 8-11.) Third, the Commissioner contends the ALJ also permissibly discounted Plaintiff's symptom testimony due to evidence that her "back pain symptoms were controlled with medication"

and that she "went significant periods between treatment for her hand pain." (*Id.* at 11-12.) Fourth, the Commissioner argues that the opinions of Dr. Hunter, the consultative examiner, also support the ALJ's RFC determination and notes that Plaintiff did not raise a challenge to the ALJ's assessment of Dr. Hunter's opinions. (*Id.* at 12-13.) Fifth, the Commissioner argues that the ALJ was not required to evaluate Plaintiff's ADL-related testimony given the ALJ's identification of other legally sufficient reasons for discrediting Plaintiff's symptom testimony. (*Id.* at 13-14.)

Plaintiff did not file a reply.

E.    **Analysis**

The Court finds no harmful error in the ALJ's evaluation of Plaintiff's symptom testimony. First, it was permissible for the ALJ to discount Plaintiff's testimony on the ground that it was inconsistent with the objective medical evidence. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citation omitted). Although this may not serve as an ALJ's sole reason for discounting a claimant's symptom testimony, it is a permissible consideration when (as here) it is coupled with other grounds for an adverse credibility finding. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("Claimants like Smartt sometimes mischaracterize [Ninth Circuit law] as completely forbidding an ALJ from using inconsistent objective medical evidence in the record to discount subjective symptom testimony. That is a misreading of [Ninth Circuit law]. When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases.") (citations omitted); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

The ALJ's finding of inconsistency with the objective medical evidence was also

supported by substantial evidence. Indeed, Plaintiff does not seem to fully dispute this point. Although Plaintiff's opening brief argues that certain facets of her symptom testimony (*e.g.*, leg swelling and fatigue) are consistent with the objective medical evidence, Plaintiff ignores that she also testified to experiencing severe limitations related to back pain and hand pain/limitations. (*See, e.g.*, AR at 85 ["I have difficulty getting out of bed on a day when my back is killing me. I can't even get out of bed and stand straight."]; *id.* at 86 ["The [hand] pain is in the thumb area and the joints. It's constant pain there. I don't use the left hand much because I can't pick up a cup or a dish. I can't close my hand to grip very well. The other one has a very hot pain."].) The ALJ provided an extensive analysis of why those facets of Plaintiff's symptom testimony were inconsistent with the objective medical evidence (*id.* at 55-57), and Plaintiff's brief does not identify any error in that portion of the ALJ's analysis. The Commissioner has, at any rate, explained why that portion of the ALJ's was supported by substantial evidence. (Doc. 18 at 9-11.) It follows that the ALJ could permissibly discount the entirety of Plaintiff's symptom testimony—a factfinder is entitled to discount the credibility of a witness who has been shown to have testified in a false or exaggerated manner. *See, e.g., Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (recognizing that a "tendency to exaggerate" is a "specific and convincing reason[]" for discrediting a claimant's testimony); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . ordinary techniques of credibility evaluation, such as . . . prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid . . . ."). *See generally* 9th Cir. Model Jury Ins. 1.14 ("[I]f you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.").

The ALJ's other proffered reason for discrediting Plaintiff's symptom testimony was that Plaintiff experienced improvement from conservative treatment. This is, in general, a permissible reason under Ninth Circuit law for discrediting a claimant's symptom

testimony. *See, e.g., Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Fry v. Berryhill*, 749 F. App'x 659, 660 (9th Cir. 2019) ("The ALJ proffered specific, clear, and convincing reasons for discounting Fry's testimony concerning the severity of her symptoms, including . . . the effectiveness of Fry's conservative treatment."). *See also* 20 C.F.R. § 1529(c)(3)(iv)-(v) ("Factors relevant to your symptoms, such as pain, which we will consider include . . . [t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms . . . [and] [t]reatment, other than medication, you receive or have received for relief of your pain or other symptoms.").

Putting aside that Plaintiff does not even acknowledge this portion of the ALJ's rationale for discrediting her symptom testimony, which means she has forfeited any objection to it, the ALJ's finding of improvement from treatment is supported by substantial evidence.  As the ALJ correctly noted (AR at 56-57), Plaintiff's providers repeatedly described her diabetes as "stable" or "managed" or "doing well" on medication (*id.* at 419, 421, 427, 589, 591, 597, 600, 603, 605, 608, 614-15, 632, 689, 691, 697, 704, 706); Plaintiff reported in July 2022 that her blood sugar levels were "well controlled" on medication (*id.* at 688); and Plaintiff's providers described Plaintiff's lumbar pain as "controlled with [medication] which she uses sparingly" (*id.* at 591).

Given this backdrop, Plaintiff's remaining arguments do not compel reversal.  Even assuming the ALJ erred at step two by not characterizing Plaintiff's lymphedema (and/or venous insufficiency) as a severe impairment, any error was harmless because the ALJ determined that Plaintiff had other severe impairments and thus proceeded to the remaining steps of the disability analysis. *Harvey v. Comm'r of Soc. Sec. Admin.*, 2021 WL 5822641, *2 (D. Ariz. 2021).  As for the ALJ's failure to include any limitations in the RFC related to Plaintiff's leg swelling, Plaintiff has failed to explain why that condition would create limitations beyond those already set forth in the RFC (which limits Plaintiff to light work with further restrictions).  Nor was the ALJ required to accept the portions of Plaintiff's

symptom testimony related to her fatigue, given the ALJ's identification of legally sufficient reasons for discrediting the entirety of Plaintiff's symptom testimony. Finally, and for similar reasons, the ALJ was not required to specifically analyze Plaintiff's testimony concerning her ADLs. *See, e.g., Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) ("Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits."); *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) ("The Secretary, however, need not discuss all evidence presented to her.").

Accordingly,

**IT IS ORDERED** that the decision of the ALJ is **affirmed**. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 2nd day of September, 2025.

Dominic W. Lanza
United States District Judge